# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**JUSTIN CESSANTE,**
        **Plaintiff,**        **CIVIL ACTION NO. 07-CV-15250**
                                  **MEMBER CASE:08-CV-10497 (closed)**

   **vs.**

                                **DISTRICT JUDGE ANNA DIGGS TAYLOR**

**THE CITY OF PONTIAC,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
        **Defendants.**
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION AND MOTION FOR EXTENSION OF TIME TO PRODUCE EXPERT REPORT FILED (DOCKET NO. 44).

This matter comes before the Court on Defendants' Motion To Compel Independent Medical Examination And Motion For Extension Of Time To Produce Expert Report filed on April 30, 2009. (Docket no. 44). Plaintiff filed a Response To Defendants' Motion To Compel Independent Medical Examination And For Extension Of Time To Produce Expert Report on May 20, 2009. (Docket no. 52). The parties filed an Amended Joint Statement of Resolved And Unresolved Issues Regarding Defendants' Motion To Compel Independent Medical Examination And Motion For Extension Of Time To Produce Expert Report on May 28, 2009. (Docket no. 58). The motion was referred to the undersigned for decision under 28 U.S.C. § 636(b)(1)(A). (Docket no. 47). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The matter is ready for ruling.

Plaintiff brings this action claiming Constitutional and related violations arising from an incident involving Plaintiff and City of Pontiac police officers outside a nightclub in Pontiac. Plaintiff makes claims of excessive use of force under 42 U.S.C. § 1983 against all Defendants.

Plaintiff brings false arrest and malicious prosecution claims pursuant to 42 U.S.C. § 1983 against Defendant Myers and Defendant Does 1-8. Finally, Plaintiff brings a *Monell* claim against Defendant City of Pontiac (Defendant "City") pursuant to 42 U.S.C. § 1983. (Docket no. 1).

Defendants file this motion asking the Court to compel Plaintiff to appear for an independent medical examination (IME) with Defendants' expert psychiatrist Harvey G. Ager, M.D., and extend the time for Defendants to serve their expert psychiatric report. (Docket no. 44). Plaintiff opposes Defendants' motion as untimely because it was brought after the close of discovery and asks that if the motion is granted, the medical examination should be video-recorded and observed by a medical professional of Plaintiff's choosing. (Docket no. 52, 57).

Pursuant to the Parties' Amended Joint Statement Of Resolved And Unresolved Issues, Plaintiff continues to oppose Defendants' motion, however, if the Court grants Defendants' Motion, the parties have agreed that the following conditions should be imposed:

1. Defendants will produce Dr. Ager's report of the examination, as required by Rule 35, by June 15, 2009, one month before the scheduled Joint Final Pretrial Conference, currently scheduled for July 16, 2009 (docket no. 40);

2. The current deadline of May 6, 2009 for Defendants to produce their Rule 26 expert materials will be extended to June 15, 2009 as to Dr. Ager only;

3. Defendants will produce Dr. Ager for deposition by July 1, 2009; and

4. The time, place, manner, conditions and scope of the examination, as determined by the Court, will be specified in the Order.

Rule 35 provides that the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified

-2-

examiner." Fed. R. Civ. P. 35(a)(1). "The order: (A) may be made only on motion for good cause shown and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A), (B).

Plaintiff does not deny that his psychological condition is in controversy; indeed Plaintiff argues that it has been in controversy "from the inception of the case." (Docket no. 52). Plaintiff's prayer for relief includes "compensatory damages for physical, emotional, and economic injuries." (Docket no. 1). Defendants in their Brief concur that Plaintiff put his mental condition in controversy "[b]y virtue of the allegations in Plaintiff's Complaint . . . and Plaintiff's expert report." (Docket no. 44 p. 13 of 19). "There are situations where the pleadings alone are sufficient to meet the 'in controversy' and 'good cause' requirements of Fed. R. Civ. P. 35. A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). There is good cause for allowing an IME.

With respect to the late timing of Defendants' Motion To Compel Independent Medical Examination, Defendants argue that Plaintiff's expert report of psychologist Dr. Myrtle Means alleges that Plaintiff suffers from posttraumatic stress disorder and that this condition was not disclosed prior to the expert report. (Docket no. 58). Defendants allege that Plaintiff testified at his deposition that the extent of his psychological treatment involved one or two visits with psychiatrist Dr. Abramsky and that he had no other psychological treatment. (Docket no. 44). Defendants served Plaintiff's with a proposed Stipulated Order Allowing Psychological Examination of Plaintiff

on April 21, 2009 attempting to set a psychological examination of Plaintiff on May 29, 2009. (Docket no. 44-3).  The proposed order did not comply with Fed. R. Civ. P. 35 in setting forth the matter, conditions, and scope of the examination.  The parties were unable to agree to the conditions for the examination.

Discovery closed on March 6, 2009 and the March 26, 2009 Stipulated Order states that the deadline for Plaintiff's expert disclosures was April 6, 2009 and Defendants' deadline was May 6, 2009.  (Docket no. 38).  The Court finds that the discovery deadline applies to discovery under Rule 35.  Defendants provided no legal support to the contrary and Plaintiff relies on the *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964), statement that "[t]he discovery devices sanctioned by Part V of the Federal Rules include . . . physical and mental examinations of parties (Rule 35)."  The Court finds that due to the timing of the discovery and expert deadlines in this matter and Defendants' showing that the posttraumatic stress disorder was raised for the first time in the expert report and necessitates rebuttal, Defendants have shown good cause for extending the scheduling order deadlines to allow the examination by Defendants' expert, Dr. Harvey Ager.  Fed. R. Civ. P. 16(b)(4).  The Court will order the examination to go forward with the additional conditions to which the parties have agreed.  The Court will, however, further extend the dates to which the parties have agreed.

With respect to Plaintiff's request to observe and video-tape the examination, the Court notes that Plaintiff did not make this request via motion.  The Court will address it nevertheless.  The Court will follow the line of cases in this district which decline to allow the recording or observation of an IME "absent a showing of a special need or good reason."  *Lahar v. Oakland Co.*, 2006 U.S. Dist. LEXIS 55235 *20 (E.D. Mich. Aug. 8, 2006); *see also Sultan v. Roush Indus., Inc.*, 2008 U.S.

Dist. LEXIS 100469 (E.D. Mich. Dec. 10, 2008); *King v. CSX Transp., Inc.*, 2007 U.S. Dist. LEXIS 39904 (E.D. Mich. June 1, 2007). Plaintiff has not shown special need or good reason for allowing the examination to be observed or video-recorded and Plaintiff's requests for these conditions will be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Independent Medical Examination And Motion For Extension Of Time To Produce Expert Report (docket no. 44) is GRANTED as follows:

1. Plaintiff will appear for examination by Harvey G. Ager, M.D., at 29355 Northwestern Hwy., Suite 140, Southfield, Michigan 48034 on a date convenient to the parties and occurring on or before June 19, 2009;

2. The examination of Plaintiff shall be completed in one day not to exceed eight hours and the scope of the examination is limited to issues related to the damages and injuries alleged in Plaintiff's complaint and those issues raised in Plaintiff's expert Dr. Mean's report.

3. Defendants will produce Dr. Ager's report of the examination, as required by Fed. R. Civ. P. 35, by July 6, 2009;

4. The current deadline of May 6, 2009 for Defendants to produce their Rule 26 expert materials will be extended to July 6, 2009 as to Dr. Ager only; and

5. Defendants will produce Dr. Ager for deposition on or before July 15, 2009.

**IT IS FURTHER ORDERED** that Plaintiff's request to video-record the examination and have an observer present is DENIED.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 04, 2009            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 04, 2009            s/ Lisa C. Bartlett
                                Courtroom Deputy